**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRONE EVERETT PAYNE, | No. 16-35830 |
| Plaintiff-Appellant, | D.C. No. 9:15-cv-00151-JCL |
| v. | |
| T.J. McDERMOTT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding[**]

Submitted March 8, 2017[***]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Tyrone Everett Payne, a detainee at the Missoula County Detention Facility,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging federal and state law violations arising out of a delay in his release

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

from detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Payne's claim against defendant McDermott in his individual capacity because McDermott is immune from suit, given that he did nothing but comply with valid court orders. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1038 (9th Cir. 2013) ("[P]ublic officials who ministerially enforce facially valid court orders are entitled to absolute immunity."); *Hoffman v. Halden*, 268 F.2d 280, 300 (9th Cir. 1959) (the failure of a jailor to release a prisoner held on a warrant or commitment cannot form the basis for liability, even if the conviction was later set aside, so long as he acted under the authority of the writ or warrant), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962).

The district court properly granted summary judgment on Payne's claim against McDermott in his official capacity because Payne failed to demonstrate that the challenged delay resulted from a governmental policy or practice. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1984) (a suit against a government employee in his official capacity is a suit against the government entity the individual represents); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipalities are liable for violations of civil rights under 42 U.S.C. § 1983 if such violations result from the execution of a government's policy or custom).

16-35830

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Payne's state law claim after dismissing his federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citations and internal quotation marks omitted)).

We reject as without merit Payne's contention that the district court's grant of summary judgment violated his right to a trial by jury.

Payne's request for judicial notice, set forth in his notice of supplemental statement of related case (Docket Entry No. 14), is denied.

**AFFIRMED.**

16-35830